VICTOR DE GYARFAS, CA Bar No. 171950
vdegyarfas@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

Attorneys for Plaintiffs H.W.J. DESIGNS FOR AGRIBUSINESS, INC. AND SAMUEL STRAPPING SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.W.J. DESIGNS FOR AGRIBUSINESS, INC. AND SAMUEL STRAPPING SYSTEMS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> RETHCEIF ENTERPRISES, LLC A/K/A RETHCEIF PACKAGING, AND L.P. BROWN COMPANY, INC. D/B/A INTERNATIONAL FIBER PACKAGING, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT:** <br><br> **U.S. PATENT NOS. 8,336,404 AND 9,463,885** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs H.W.J. Designs for Agribusiness, Inc. ("HWJ") and Samuel Strapping Systems, Inc. ("Samuel Strapping") (collectively, "Plaintiffs") file this Complaint for Patent Infringement against Defendants Rethceif Enterprises, LLC a/k/a Rethceif Packaging ("Rethceif") and L.P. Brown Company, Inc. d/b/a International Fiber Packaging ("L.P. Brown") (collectively, "Defendants"), and state and allege as follows:

## JURISDICTION

1.  This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code. Defendants have infringed and continue to infringe, and/or actively induce others to infringe U.S. Patent Nos. 8,336,404 ("the '404 patent") and 9,463,885 ("the '885 patent") (collectively, "the Asserted Patents" or "the Patents-in-Suit"). This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

## NATURE OF THE ACTION

2.  This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code. Defendants have infringed and continue to infringe, and/or actively induce others to infringe U.S. Patent Nos. 8,336,404 ("the '404 patent") and 9,463,885 ("the '885 patent") (collectively, "the Asserted Patents" or "the Patents-in-Suit").

## THE PARTIES

3.  Plaintiff H.W.J. Designs for Agribusiness, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 401 North Minnewawa Ave, Clovis, California 93611.

4.  Plaintiff Samuel Strapping Systems, Inc. is a corporation organized under the laws of the State of Ohio, with its principal place of business at 1401 Davey Road, Suite 300, Woodridge, Illinois 60517.

5.  Upon information and belief, Defendant Rethceif Enterprises, LLC a/k/a Rethceif Packaging is a limited liability company organized under the laws of the State of Indiana, with its principal place of business at 420 Industrial Parkway, Ossian, Indiana 46777. Rethceif's registered agent for service of process in Indiana is Timothy Lee Fiechter located at 411 Stillwater Drive, Bluffton, Indiana 46714.

6.  Upon information and belief, Defendant L.P. Brown Company, Inc. is a corporation organized under the laws of the State of Tennessee, with its principal place of business at 6060 Primacy Parkway,

Suite 400, Memphis, Tennessee 38119.  L.P. Brown's registered agent for service of process in California is C T Corporation System located at 818 W 7th St., Ste. 930, Los Angeles, CA 90017-3476.

**VENUE**

7. On information and belief, Rethceif is subject to personal jurisdiction in the Eastern District of California consistent with the principles of due process and the California Long Arm Statute because Rethceif offers its products for sale in this District, has transacted business in this District, has committed acts of patent infringement in this District, and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.

8. On information and belief, Rethceif designs and manufactures certain cotton bale wrapping machines with automatic sampling that are and have been offered for sale, sold, purchased (either directly or through distributors), and/or used in the Eastern District of California.  For example, on information and belief, Rethceif manufactures and supplies certain cotton bale wrapping machines with automatic sampling to Defendant L.P. Brown, with knowledge that L.P. Brown has facilities in the Eastern District of California, and that L.P. Brown offers to sell those cotton bale wrapping machines to customers located in California.  Therefore, exercise of jurisdiction over Rethceif will not offend traditional notions of fair play and substantial justice.

9. On information and belief, L.P. Brown is subject to personal jurisdiction in the Eastern District of California consistent with the principles of due process and the California Long Arm Statute, because L.P. Brown offers its products for sale in this District, has transacted business in this District, has committed acts of patent infringement in this District, and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.

10. On information and belief, L.P. Brown distributes certain cotton bale wrapping machines with automatic sampling designed and manufactured by Rethceif that are and have been offered for sale, sold, purchased (either directly or through distributors), and/or used in the Eastern District of California.  On information and belief, Defendant L.P. Brown Company, Inc. maintains a place of business located at 3590 S. Cedar Ave., Fresno, CA 93725 and/or a facility located at 10210 Idaho Ave., Hanford, CA

93232.  Therefore, exercise of jurisdiction over L.P. Brown will not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because Defendants are subject to personal jurisdiction in this judicial district and therefore are deemed to reside in this judicial district.

## THE 8,336,404 PATENT IN SUIT

12. U.S. Patent 8,336,404 is entitled "Bale Sampler."

13. U.S. Patent 8,336,404 includes exemplary independent claim 8, which recites:

Claim 8.

A system for sampling a bale of fibrous material comprising:

a support surface for supporting a bale;

a stop surface spaced from and opposing a gripper to support against a force exerted by the gripper;

the stop surface being spaced and remote from the support surface; and

wherein the gripper comprises a movable edge configured for moving against a partially cut sample to pull the sample from the bale; and

wherein the movable edge comprises a plurality of spaced apart fingers comprising a plurality of spaced edges.

## THE '404 ACCUSED PRODUCTS

14. Defendants make, use and/or sell the RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling and the BSB-1020 Cotton Bale Wrapper with automatic sampling.

15. For example, the RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling is shown in the picture below:



16. The RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling includes a support surface comprising the orange supports generally shown at (1) in the picture above supporting the white cotton bale.

17. The RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling includes a stop surface comprising structure generally shown at (2) contacting the left side of the white cotton bale in the picture above.

18. The RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling stop surface on the left side of the cotton bale in the picture above opposes a gripper generally shown at (3) contacting the right side of the cotton bale in the picture above.

19. The gripper (3) of the RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling includes a movable edge configured for moving against a partially cut sample to pull the sample from the bale and comprises a plurality of spaced apart fingers comprising a plurality of edges as shown in the

COMPLAINT FOR PATENT INFRINGEMENT
-4-

picture below:



## THE 9,463,885 PATENT IN SUIT

20. U.S. Patent 9,463,885 is entitled "Bagging Assembly."

21. U.S. Patent 9,463,885 includes exemplary independent claim 1, which recites:

Claim 1.

A bagging assembly for bagging a pressed bale comprising:

  a frame having a first end, a second end, and a longitudinal length between the first end and the second end;

  a bale stuffing assembly comprising a planar end surface sized and shaped to push a pressed bale into a chute having a bag material located on an exterior thereof; said bale stuffing assembly arranged on a lengthwise track and movable along the lengthwise track to push a pressed bale, and wherein said chute has a length and side walls defining a chute cavity sized and shaped to receive a pressed bale;

  a gripper with a gripping surface mounted adjacent the chute, the gripper adapted for gripping and placing a bag material over the chute to enclose the pressed bale;

1      a bale sampling device located upstream of the chute comprising two pivotable edges arranged to move together to grab a bale sample from a pressed bale before the pressed bale is pushed through the chute and out an outlet end of the chute; and

    a bag closure system comprising movable closing edges for folding at least two different edge sections of a bag material to close an open end of the bag material.

**THE '885 ACCUSED PRODUCTS**

22.     Defendants make, use and/or sell the RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling and the BSB-1020 Cotton Bale Wrapper with automatic sampling.

23.     For example, the RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling is shown below:



24.     The RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling shown in the picture above includes a frame having a first end generally at (4) in the near side of the picture, a second end generally at (5) in the far side of the picture, and a longitudinal length between the first end and the second end.

25.     The RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling includes a bale stuffing

assembly comprising a planar end surface that includes the orange arm (6) and plate (7) pressing against the rear of the cotton bale (9) in the picture above.

26. The bale stuffing assembly of the RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling is arranged on a lengthwise track shown generally at (8) above the orange arm (6) and plate (7) in the picture above. The stuffing assembly is movable along the lengthwise track to push a pressed bale (9).

27. The cotton bale (9) is shown in the picture above entering the chute (10) of the RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling, which chute has a length and side walls defining a chute cavity sized and shaped to receive the pressed bale (9).

28. The bale stuffing assembly of the RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling presses the cotton bale (9) into the chute (10) shown in the figure above, which has bag material located on an exterior thereof generally at (11).

29. The RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling includes a gripper with a gripping surface mounted adjacent the chute in the location shown generally at (12), the gripper is adapted for gripping and placing a bag material over the chute to enclose the pressed bale. Cotton bales enclosed in bag material are seen generally at (13) at the far end of the picture above.

30. The RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling includes bale sampling devices (14) shown contacting the cotton bale (9) in the drawing above. A bale sampling device (14) includes two pivotable edges arranged to move together to grab a bale sample from a pressed bale before the pressed bale is pushed through the chute and out an outlet end of the chute as shown in the picture below.



COMPLAINT FOR PATENT INFRINGEMENT
-7-
4814-2627-1299

31. The RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling includes bag closure system (15) that closes the bags covering the cotton bales as seen at the far end of the picture above.

# COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,336,404

32. Plaintiffs re-allege and incorporate the allegations of all prior paragraphs of the Complaint as if set forth in their entirety herein.

33. HWJ owns all right, title, and interest in U.S. Patent No. 8,336,404 ("the '404 Patent"), entitled "Bale Sampler" which was duly and legally issued by the U.S. Patent and Trademark Office ("PTO") on December 25, 2012. A true and accurate copy of the '404 Patent is attached to this Complaint as **Exhibit 1**.

34. HWJ has licensed the '404 Patent on an exclusive basis to Samuel Strapping.

35. Plaintiffs have complied with 35 U.S.C. § 287(a) and given Defendants constructive notice of the '404 patent by marking equipment manufactured by HWJ and sold by Samuel Strapping with the '404 patent number.

36. Upon information and belief, Defendants have committed, and continue to commit, acts of infringement in the State of California and in this District. For example, on information and belief, Defendants, separately or in concert, have intentionally placed into the stream of commerce products infringing the '404 patent and enter the State of California, which has caused and continues to cause injury to Plaintiffs within the State of California.

37. Rethceif makes and uses (including by having its employees test and/or repair), markets, sells, offers to sell, and/or otherwise provides cotton bale wrapping machines, including but not limited to the RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling and the BSB-1020 Cotton Bale Wrapper with automatic sampling ("Accused Bale Wrappers") that include all of the elements of one or more claims of the '404 Patent. For example, the Accused Bale Wrappers infringe at least claim 8 of the '404 patent.

38. L.P. Brown markets, sells, offers to sell, and/or otherwise provides at least the accused RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling and the BSB-1020 Cotton Bale Wrapper with automatic sampling to third-parties.

39. Defendants have directly infringed and continue to directly infringe at least claim 8 of the '404 Patent literally and/or under the doctrine of equivalents by making, using, marketing, selling, and/or offering for sale the Accused Bale Wrappers.

40. Plaintiffs introduced, demonstrated, and distributed brochures describing the Jenglo M90 automated bale packaging system at the Texas Cotton Ginners Association Trade show on April 8 & 9, 2010 (the "Texas Trade Show").

41. The Jenglo automated bale packaging system includes all of the features of at least claim 8 of the '404 patent.

42. At least Defendant L.P. Brown attended the Texas Trade show.

43. On information and belief, at least Defendant L.P. Brown viewed the Jenglo M90 and had access to the Jenglo M90 brochures at the Texas Trade Show.

44. Plaintiffs have demonstrated the Jenglo M90 and other equipment that includes all of the features of claim 8 of the '404 patent at various trade shows since the Texas Trade Show.

45. Since the issuance of the '404 patent on December 25, 2012, Plaintiffs' equipment that includes the features of the '404 patent have been marked with the '404 patent number.

46. Plaintiffs' equipment marked with the '404 patent number has been accessible to and, on information and belief, viewed by Defendants at locations of customers of Samuel Strapping.

47. Defendants have been given actual notice of the '404 patent by this complaint, and, on information and belief, by viewing equipment marked with the '404 patent number at trade shows and/or at locations of customers of Samuel Strapping prior to filing this complaint.

48. On information and belief, Defendants first introduced the Accused Bale Wrappers in 2012, over two years after the introduction of the Jenglo M90.

49. On information and belief, Defendants' copied Plaintiffs' patented invention of the '404 patent.

50. Plaintiffs have suffered damages as a result of Defendants' direct infringement of the '404 Patent.

51. The foregoing acts of patent infringement by Defendants have also caused, and unless enjoined by this Court, will continue to cause, immediate and irreparable injury to Plaintiffs, leaving Plaintiffs with no adequate remedy at law.

52. On information and belief, Defendants have willfully infringed the '404 Patent by directly infringing the patent with knowledge that their actions constituted infringement of the '404 Patent.

53. Rethceif and L.P. Brown indirectly infringe at least claim 8 of the '404 Patent by inducing others to use the Accused Bale Wrappers in a manner that directly infringes claim 8. On information and belief, Rethceif and L.P. Brown provide the Accused Bale Wrappers to their customers and encourage and instruct them on how to use it as a cotton bale wrapper in a manner that directly infringes at least claim 8 of the '404 Patent. Rethceif and L.P. Brown have induced these infringing uses with full knowledge of the '404 Patent and with full knowledge that the use of Accused Bale Wrappers constitutes infringement of the '404 Patent.

54. Plaintiffs have suffered damages as a result of Rethceif's and L.P. Brown's indirect and willful infringement of the '404 Patent.

55. The foregoing acts of patent infringement by Rethceif and L.P. Brown have also caused, and unless enjoined by this Court, will continue to cause, immediate and irreparable injury to Plaintiffs, leaving Plaintiffs with no adequate remedy at law.

## COUNT 2

## INFRINGEMENT OF U.S. PATENT NO. 9,463,885

56. Plaintiffs re-allege and incorporate the allegations of all prior paragraphs of the Complaint as if set forth in their entirety herein.

57. HWJ owns all right, title, and interest in U.S. Patent No. 9,463,885 ("the '885 Patent"), entitled "Bagging Assembly," which was duly and legally issued by the U.S. Patent and Trademark Office ("PTO") on October 11, 2016. A true and accurate copy of the '885 Patent is attached to this Complaint as **Exhibit 2**.

58. HWJ has licensed the '885 Patent on an exclusive basis to Samuel Strapping.

59. Plaintiffs have complied with 35 U.S.C. § 287(a) and given Defendants constructive notice of the '885 patent by marking equipment manufactured by HWJ and sold by Samuel Strapping with the '885 patent number.

60. Upon information and belief, Defendants have committed, and continue to commit, acts of infringement in the State of California and in this District. For example, on information and belief,

Defendants, separately or in concert, have intentionally placed into the stream of commerce products infringing the '885 patent and enter the State of California, which has caused and continues to cause injury to Plaintiffs within the State of California.

61. Rethceif makes and uses (including by having its employees test and/or repair), markets, sells, offers to sell, and/or otherwise provides cotton bale wrapping machines, including but not limited to the RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling and the BSB-1020 Cotton Bale Wrapper with automatic sampling ("Accused Bale Wrappers") that include all of the elements of one or more claims of the '885 Patent.   For example, the Accused Bale Wrappers infringe at least claim 1 of the '885 patent.

62. L.P. Brown markets, sells, offers to sell, and/or otherwise provides at least the accused RethPack BSB-1010 Cotton Bale Wrapper with automatic sampling and the BSB-1020 Cotton Bale Wrapper with automatic sampling to third-parties.

63. Defendants have directly infringed and continue to directly infringe at least claim 1 of the '885 Patent literally and/or under the doctrine of equivalents by making, using, marketing, selling, and/or offering for sale the Accused Bale Wrappers.

64. Plaintiffs introduced, demonstrated, and distributed brochures describing the Jenglo M90 automated bale packaging system at the Texas Cotton Ginners Association Trade show on April 8 & 9, 2010 (the "Texas Trade Show").

65. The Jenglo automated bale packaging system includes all of the features of at least claim 1 of the '885 patent.

66. At least Defendant L.P. Brown attended the Texas Trade show.

67. On information and belief, at least Defendant L.P. Brown viewed the Jenglo M90 and had access to the Jenglo M90 brochures at the Texas Trade Show.

68. Since the issuance of the '885 patent on October 11, 2016, Plaintiffs' equipment that includes the features of the '885 patent has been marked with the '885 patent number.

69. Plaintiffs' equipment marked with the '885 patent number has been accessible to and, on information and belief, viewed by Defendants at least at locations of customers of Samuel Strapping.

70. Defendants have been given actual notice of the '885 patent by this complaint, and, on

information and belief, by viewing equipment marked with the '885 patent number at least at locations of customers of Samuel Strapping prior to filing this complaint.

71. On information and belief, Defendants first introduced the Accused Bale Wrappers in 2012, about two years after the introduction of the Jenglo M90.

72. On information and belief, Defendants copied Plaintiffs' patented invention of the '885 patent.

73. Plaintiffs have suffered damages as a result of Defendants' direct infringement of the '885 Patent.

74. The foregoing acts of patent infringement by Defendants have also caused, and unless enjoined by this Court, will continue to cause, immediate and irreparable injury to Plaintiffs, leaving Plaintiffs with no adequate remedy at law.

75. On information and belief, Defendants have willfully infringed the '885 Patent by directly infringing the patent with knowledge that their actions constituted infringement of the '885 Patent.

76. Rethceif and L.P. Brown indirectly infringe at least claim 1 of the '885 Patent by inducing others to use the Accused Bale Wrappers in a manner that directly infringes claim 1of the '885 Patent.  On information and belief, Rethceif and L.P. Brown provide the Accused Bale Wrappers to their customers and encourage and instruct them on how to use it as a cotton bale wrapper in a manner that directly infringes at least claim 1 of the '885 Patent.  Rethceif and L.P. Brown have induced these infringing uses with full knowledge of the '885 Patent and with full knowledge that the use of Accused Bale Wrappers constitutes infringement of the '885 Patent.

77. Plaintiffs have suffered damages as a result of Rethceif's and L.P. Brown's indirect and willful infringement of the '885 Patent.

78. The foregoing acts of patent infringement by Rethceif and L.P. Brown have also caused, and unless enjoined by this Court, will continue to cause, immediate and irreparable injury to Plaintiffs, leaving Plaintiffs with no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and seek relief against Defendants as follows:

    (a) For a judgment that one or more claims of the '404 Patent have been and continue to be infringed by Defendants;

(b) For a judgment that one or more claims of the '885 Patent have been and continue to be infringed by Defendants;

(c) For a judgment that Defendants' infringement of the '404 Patent has been willful;

(d) For a judgment that Defendants' infringement of the '885 Patent has been willful;

(e) For a judgment and an award of all damages sustained by Plaintiffs as the result of Defendants' acts of infringement, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

(f) For a permanent injunction enjoining Defendants from infringing one or more claims of the '404 Patent;

(g) For a permanent injunction enjoining Defendants from infringing one or more claims of the '885 Patent;

(h) For a judgment and an award of enhanced damages pursuant to 35 U.S.C. § 284;

(i) For a judgment and an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(j) For a judgment and an award of pre-judgment interest, post-judgment interest, and costs; and

(k) For a judgment and an award of such other and further relief as the Court may deem just and proper.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38 and 39, Plaintiffs assert their rights under the Seventh Amendment to the United States Constitution and demand a trial by jury on all issues that may be so tried.

DATED:  February 24, 2017

**FOLEY & LARDNER LLP**

/s/ Victor de Gyarfas
Victor de Gyarfas
Attorneys for Plaintiffs
H.W.J. DESIGNS FOR AGRIBUSINESS, INC. AND SAMUEL STRAPPING SYSTEMS, INC.

COMPLAINT FOR PATENT INFRINGEMENT
-13-