1  VICTOR DE GYARFAS, CA Bar No. 171950
      vdegyarfas@foley.com
2  **FOLEY & LARDNER LLP**
   555 SOUTH FLOWER STREET, SUITE 3500
3  LOS ANGELES, CA 94104-1520
   TEL: 213.972.4500  FACSIMILE: 213.486.0065
4
   MICHAEL R. HOUSTON, Pro Hac Vice
5     mhouston@foley.com
   **FOLEY & LARDNER LLP**
6  321 NORTH CLARK STREET, SUITE 2800
   CHICAGO, IL 60654
7  TEL: 312.832.4500  FAX: 312.832.4700

8  Attorneys for Plaintiffs H.W.J. DESIGNS FOR
   AGRIBUSINESS, INC. AND SAMUEL
9  STRAPPING SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| H.W.J. DESIGNS FOR AGRIBUSINESS, INC. and SAMUEL STRAPPING SYSTEMS, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>RETHCEIF ENTERPRISES, LLC A/K/A RETHCEIF PACKAGING, and L.P. BROWN COMPANY, INC. D/B/A INTERNATIONAL FIBER PACKAGING,<br><br>Defendants. | Case No. 1:17-cv-00272-AWI-SKO<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties, subject to the approval of this Honorable Court, stipulate to the terms of this Stipulated Protective Order:

**1. PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation and any related proceedings before the United States Patent and Trademark Office (*e.g.*, *inter partes* review) concerning U.S. Patent Nos. 8,336,404 and 9,463,885, may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. This Stipulated Protective Order, and any and all motions or other applications made to the Court pursuant to or for enforcement of its provisions, shall be governed by Civil Local Rules 141.1 and 251.

**2. DEFINITIONS**

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), such as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available.

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery encompassed within the scope of Fed. R. Civ. P. 26-37 and 45 in this action.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been or is retained by a Party or its counsel to serve as a testifying or consulting expert within the meaning of Fed. R. Civ. P. 26(a)(2)(B) or 26(b)(4)(D). The term "Expert" shall not include, and neither Party shall retain as a testifying or consulting expert, any person employed or retained by the opposing Party or any affiliate of the opposing Party at any time within the three years preceding the commencement of this action.

2.7 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, such as current or future business or technical trade secrets and plans more sensitive or strategic than information designated CONFIDENTIAL as defined in Section 2.2, the disclosure of which is likely to significantly harm that party's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third party or to a court.

2.8 <u>House Counsel</u>: attorneys who are employees of a Party to this action and their support staff, but never including Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: An attorney who is counsel of record for a Party in this action, or a law partner or employed associate attorney or support staff thereof, at the time(s) such status is determined; but never including House Counsel.

2.11 <u>Party</u>: any party to this action.

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) and section 5.3 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material; or, in the case of electronic documents, comply with the provisions of a separate order governing electronic discovery that pertain to such designation.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection shall have the option to defer designating them for protection until after the inspecting Party has indicated which material it would like copied and produced.  If the producing Party or Non-Party elects that option, then during the inspection and before the designation, all of the material made available for inspection shall temporarily be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1  After the inspecting Party has identified the documents it wants copied and produced, the Designating
2  Party must promptly determine which documents, or portions thereof, qualify for protection under this
3  Order; designate or make arrangements to have such documents designated as prescribed in the
4  preceding paragraph of this section 5.2(a); and then complete or allow completion of the production.

(b) <u>for testimony given in deposition or in other pretrial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other pretrial proceeding, all protected testimony and exhibits introduced during the testimony, specifying the level of protection being asserted.  When it is impractical to identify separately each portion of testimony and/or exhibits that are entitled to protection and it appears that substantial portions of the testimony and/or exhibits may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days from its receipt of the transcript to identify the specific portions of the testimony and exhibits as to which protection is sought and to specify the level of protection being asserted.  During the time period between such an optional invocation and the designation of protected testimony as provided above, the entire transcript and the identified exhibits will be temporarily treated as having been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to the reading and signing rights of the witness.  Only those portions of the testimony and accompanying exhibits that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  The Parties will seek a further order from the Court regarding designation and protection of live trial testimony prior to any full or bifurcated trial.

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals (including any who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If a document or information is brought to a deposition by the witness or proposed to be shown or disclosed to the witness under circumstances where a Party has not previously had the opportunity to consider whether to designate the document as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", counsel examining the witness shall first show the document to all other counsel present and allow counsel the opportunity for his or her client to become a Designating Party with respect to that document or information. Terms of this Protective Order applicable to the designation of documents or information shall otherwise apply in such situations.

(c) <u>for information produced in some form other than documentary or testimonial and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Actions taken by a Party prior to any such correction by a Designating Party shall not be deemed a violation of this Order, provided that upon timely correction of a designation, each Receiving Party makes reasonable efforts to assure that the material is treated in accordance with the provisions of this Order from the time of correction going forward.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Communication and Resolution of Challenges</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this

specific section of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 5 business days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall prepare and file a Joint Statement re Discovery Disagreement set forth in Civil Local Rule 251 within 15 days of the initial notice of challenge or within 10 business days of the parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is earlier. The Challenging Party shall share a draft of the Joint Statement re Discovery Disagreement with the opposing party not less than 5 business days before it is filed.

Any and each challenge shall be deemed encompassed and governed by Fed. R. Civ. P. 26(g)(1)(B), and shall be addressed and resolved through the pre-motion consultation and motion procedures set forth in Civil Local Rules 141.1 and 251.  Motions for resolution of disputes under this section shall be governed by Fed. R. Civ. P. 11(b) to the same extent as all other motions.  The meet and confer requirements imposed by Civil Local Rule 251(b shall apply in such motion practice and compliance shall be demonstrated in the manner required by that Rule).

The burden of proof and persuasion in any such  dispute between the parties regarding the propriety of designations shall be on the Designating Party regardless of which party files the Joint Statement re Discovery Disagreement, to the same extent such burden would exist in an opposed motion for protective order under Fed. R. Civ. P. 26(c); provided however that all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and any related proceedings before the United States Patent and Trademark Office (*e.g*., *inter partes* review) concerning U.S. Patent Nos. 8,336,404 and 9,463,885, provided however that any Protected Material is covered by a similar designation in any proceeding before the United States Patent and Trademark Office (*e.g*., the PTAB Default Protective Order). Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action;

(b) House Counsel of the Receiving Party; and such officers, directors, and employees/agents of the Receiving Party to whom disclosure is reasonably necessary for the management of the litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for the performance of their services in the litigation;

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the conduct of the litigation;

(f) during their depositions, for witnesses to whom disclosure is believed by deposing counsel to be reasonably necessary, after the document(s) in question have been presented to opposing counsel and opposing counsel has been given the opportunity to object to their disclosure to the witness;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information

or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    (a) the Receiving Party's Outside Counsel of Record in this action;

    (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the performance of their services in the litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A hereto), and (3) as to whom the restrictions set forth in section 7.4 below, have been complied with;

    (c) the Court and its personnel;

    (d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the conduct of the litigation; and

    (e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

    (a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume or curriculum vitae, (3) identifies the Expert's current employer(s) and identifies any past employment or paid consultations for any Party (regardless of time period); and (4) identifies (by name and number of the case, filing date, and location of court to the extent the Expert has such information or can obtain it without unreasonable burden) any litigation in connection with which the Expert has offered expert testimony or otherwise been retained, including through a declaration, report, or testimony at a deposition or trial, during the preceding three years, wherein the case or testimony involved the subject matter of the patents-in-suit or other products in the strapping/baling industry.

    (b) A Party that makes a request and provides the information specified in the preceding

1 respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within
2 5 business days of delivering the request, the Party receives a written objection from the Designating
3 Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within 3 business days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.

**8.     PROSECUTION BAR**

Absent written consent from the Producing Party, any individual who receives access to information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order shall not be involved in the prosecution of patents or patent applications relating to the below-defined subject matter before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this section, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this section does not include representing either a Party or Non-Party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest; *ex parte* reexamination; or *inter partes*, covered business method, or post grant review). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.  The subject matter of this Prosecution Bar is any patent or patent application relating to automated wrapping of cotton bales.  For the avoidance of doubt, (a) there is no such restriction if the subject matter relates to handling, processing, or other commercial activities occurring before the cotton fiber is separated from the seed; and (b) such restriction does not apply to seedcotton module wrapping.

1  **9.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER**
2  **LITIGATION**

3 If a Party is served with a subpoena or a court order issued in other litigation that compels
4 disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY
5 CONFIDENTIAL – ATTORNEYS' EYES ONLY," and that Party has any such information or items
6 responsive to such subpoena or court order, that Party must:

7 (a) promptly notify in writing the Designating Party. Such notification shall include a copy of
8 the subpoena or court order;

9 (b) promptly notify in writing the party in the other litigation who caused the subpoena or order
10 to issue that some or all of the material covered by the subpoena or order is subject to this Protective
11 Order. Such notification shall include a copy of this Stipulated Protective Order; and

12 (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating
13 Party whose Protected Material may be affected.

14 If the Designating Party timely seeks a protective order in the other litigation, the Party served
15 with the subpoena or court order shall not produce any information designated in this action as
16 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a
17 determination by the court from which the subpoena or order issued or otherwise authorized to make
18 such determination, permitting such production, unless either (a) the Party has obtained the Designating
19 Party's permission, or (b) applicable law dictates such production, notwithstanding the absence of court
20 determination. The Designating Party shall bear the burden and expense of seeking protection in that
21 court of its Protected Material – and nothing in these provisions should be construed as authorizing or
22 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

23 **10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS**
24  **LITIGATION**

25 (a) The terms of this Order are applicable to information and items produced by a Non-Party in
26 this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
27 EYES ONLY." Such information and items produced by Non-Parties in connection with this litigation
28 shall be protected by the remedies and relief provided by this Order.

(b) In the event that a Party is required, by a valid discovery request served in this action, to produce a Non-Party's confidential information or items in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information or items, then the Party shall:

    1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information and/or items requested is subject to a confidentiality agreement with a Non-Party;

    2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information and/or items requested; and

    3. make the information and/or items requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court or another court empowered to grant such protection within 15 business days of receiving the notice and accompanying information, then this Protective Order shall not preclude the Receiving Party from producing the Non-Party's confidential information and/or items responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information or items in its possession or control that are subject to the confidentiality agreement with the Non-Party before a determination by the appropriate Court.

**11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**13. MISCELLANEOUS**

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification or vacation by the Court in the future. This Order is a stipulation by the Parties; and while it has been entered by the Court to provide the protections intended by such stipulation, it is not the result of an actual adjudication by the Court of any contested issue. Accordingly, the Court's consideration of any motion to modify or vacate this Order shall be *de novo*.

13.2 <u>Right to Assert Other Objections</u>. Neither this Protective Order nor any Party's stipulation to its provisions shall be construed to constitute or evidence any waiver or preclusion of any right any Party or Non-Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Moreover, the existence of this Protective Order shall not preclude any Party or Non-Party from objecting to the production of any information or item on the ground that protective measures greater than and/or different from those in this Order should be granted before such production is required; provided that if production of information and/or items is objected to and withheld by a Party on that ground, the burden of showing that the provisions of this Order are not sufficient shall be on the Party making that assertion, to the same extent such burden would exist in an ordinary opposed motion for protective order under Fed. R. Civ. P. 26(c). Similarly, no Party waives any right to object on any ground to use in evidence of any information or items covered by this Protective Order or otherwise.

13.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.

13.4 <u>Effect of Violation.</u> Non-compliance with any provision of this Protective Order by a Party, Counsel, Expert, Professional Vendor, private Court Reporter, witness, or Non-Party, as applicable, including violation of Fed. R. Civ. P. 11(b) or 26(g)(1), may be remedied by the Court in any manner authorized by applicable law after proper notice and opportunity to be heard; but action taken or

omitted to be taken based on a good faith, reasonable belief in its propriety under this Order, or due to circumstances outside the control of an alleged violator, shall not be deemed a Contempt of Court.

**14.   FINAL DISPOSITION**

Within 90 days after the final disposition of this action, as defined in section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material of the Producing and/or Designating Party.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material shall remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

/s/ Victor de Gyarfas                                                                   Date: September 15, 2017

**FOLEY & LARDNER LLP**

Attorneys for Plaintiff H.W.J. DESIGNS FOR AGRIBUSINESS, INC. and SAMUEL STRAPPING SYSTEMS, INC.

/s/ R. Eric Gaum                                           Date: September 15, 2017
**HAHN LOESER & PARKS LLP**

Attorneys for Defendant RETHCEIF ENTERPRISES, LLC a/k/a RETHCEIF PACKAGING



/s/ Steven D. Moore                                        Date: September 15, 2017
**KILPATRICK TOWNSEND & STOCKTON LLP**

Attorneys for Defendant L.P. BROWN CO., INC.

**ORDER**

IT IS SO ORDERED.

Dated:  **September 19, 2017**                 /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____[print full name], of _____ _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of H.W.J. DESIGNS FOR AGRIBUSINESS, INC. et al. v. RETHCEIF ENTERPRISES, LLC et al., No. 1:17-cv-00272-AWI-SKO. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____