# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **H.W.J. DESIGNS FOR AGRIBUSINESS, INC. AND SAMUEL STRAPPING SYSTEMS, INC.,**<br><br>Plaintiffs<br><br>v.<br><br>**RETHCEIF ENTERPRISES, LLC A/K/A RETHCEIF PACKAGING, AND L.P. BROWN COMPANY, INC. D/B/A INTERNATIONAL FIBER PACKAGING,**<br>Defendants | CASE NO. 1:17-CV-0272 AWI SKO<br><br>ORDER RE: MOTION TO AMEND ANSWER AND MOTION TO STRIKE FILING OF SUPPLEMENTAL AUTHORITY<br><br>(Docs. 31 and 49) |

## I. Background

Plaintiffs HWJ Designs for Agribusiness, Inc. and Samuel Strapping Systems, Inc. own and have exclusive licenses to patents related to baling cotton. Plaintiffs assert that Defendants Rethceif Enterprises, LLC and LP Brown Company, Inc. have manufactured and distributed cotton bale wrapping machines that infringe upon their patents. Some of those machines have been sold in the Eastern District of California. Plaintiffs sued Defendants for patent infringement in Fresno. Doc. 1.

In its answer, Defendant Rethceif initially agreed that venue was proper. Doc. 11. Defendant Rethceif amended its answer once as a matter of right to include a counterclaim. Doc. 21. Now, Defendant Rethceif has made a motion seeking permission to amend its answer a second time to challenge venue. Doc. 32. Plaintiffs oppose the motion. Doc. 40. The matter was taken under submission without oral argument.[1]

---

[1] After the matter was taken under submission, Plaintiffs made three filings of

## II. Legal Standard

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Proc. 15(a)(2). Leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990). The factors commonly considered to determine the propriety of a motion for leave to amend are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has held that it is the consideration of prejudice to the opposing party that carries the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, or a strong showing of any of the remaining Foman factors, a presumption in favor of granting leave to amend exists under Rule 15(a). Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir.1999).

## III. Discussion

Regarding the Foman factors, there is no bad faith, undue, delay, or prejudice. This is an early request for leave to amend. The only question is whether the proposed amendment would be futile as a matter of law

In the complaint, Plaintiffs assert that "Rethceif is subject to personal jurisdiction in the

---

supplemental authority pointing to new decisions dealing with the legal issue at hand. Docs. 47, 48, and 54. Defendant Rethceif made a motion to strike the additional filings as being unauthorized by the Federal Rules of Civil Procedure, local rules, or any order of the court; in the alternative, Defendant Rethceif filed its own supplement authority of new cases. Doc. 49. In this matter, the new authority presented by both sides is helpful in resolving the legal question. The reliance on the supplemental filings is limited to the text of the new cases cited; no argumentation from either side was consulted. The motion to strike is denied.

Eastern District of California consistent with the principles of due process and the California Long Arm Statute" which lead to the conclusion that "Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because Defendants are subject to personal jurisdiction in this judicial district and therefore are deemed to reside in this judicial district." Doc. 1, 2:4-5 and 3:3-5. Section 1391(c) states that corporate residence is found wherever they are subject to personal jurisdiction and Section 1400 sets venue wherever a defendant resides. 28 U.S.C. § 1391(c); 28 U.S.C. § 1400(b). In its answer, Defendant Rethceif "admits, for purposes of this Action only, that it is subject to the jurisdiction of this Court. Defendant admits that it offers products for sale in this District and that it has transacted business in this District" which lead to the conclusion that "venue is proper in this District." Doc. 11, 3:6-9 and 3:21-22. Rethceif's motion to for leave to amend answer and counterclaim seeks to make only one change: to deny that venue is proper in the Eastern District of California in light of recent U.S. Supreme Court precedent in TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514 (May 22, 2017) which stated that Section 1391 should not be consulted in interpreting Section 1400. Doc. 32.

**A. Intervening Law Exception to Waiver**

"It is black letter law that objections to venue can be waived." Brinderson-Newberg Joint Venture v. Pac. Erectors, Inc., 690 F. Supp. 891, 895 (C.D. Cal. 1988). Defendant Rethceif argues that the new U.S. Supreme Court precedent changed the law such that it should be allowed to rescind the earlier waiver. Doc. 44, 3:11-27. "[A]n exception to the waiver rule exists for intervening changes in the law." Big Horn Cty. Elec. Coop. v. Adams, 219 F.3d 944, 953 (9th Cir. 2000). A prior waiver can be excused when "there was strong precedent prior to the change [in the law], such that the failure to raise the issue was not unreasonable and the opposing party was not prejudiced by the failure to raise the issue sooner." Holland v. Big River Minerals Corp., 181 F.3d 597, 605-606 (4th Cir. 1999), citing Curtis Publ'g Co. v. Butts, 388 U.S. 130, 142-45 (1967). "[A] party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made, especially when it does raise the objections as soon as their cognizability is made apparent." Holzsager v. Valley Hosp., 646 F.2d 792, 796

3

(2nd Cir. 1981). Plaintiffs argue that the exception does not apply as TC Heartland does not constitute an intervening change in the law. Doc. 40:1-7. This is a question of pure law which can be resolved at this stage without need for any further factual development.

The general venue provision is found at 28 U.S.C. § 1391 while a special venue provision for patent infringement is found at 28 U.S.C. § 1400. The patent provision sets venue in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Longstanding U.S. Supreme Court precedent had held that "28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U. S. C. § 1391(c)" finding that the Section 1391 definition of corporate residence did not apply to Section 1400. Fourco v. Transmirra, 353 U.S. 222, 229 (1957). Section 1391 defines corporate residence as wherever a corporation was subject to personal jurisdiction. 28 U.S.C. § 1931(c)(2). For Section 1400, residence "in respect of corporations, mean the state of incorporation only." Fourco v. Transmirra, 353 U.S. 222, 226 (1957), citations omitted. Then, Section 1391 was amended with new language which stated "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside..." Judicial Improvements and Access to Justice Act, tit. 10, § 1013, 102 Stat. 4642, 4669 (1988), language further amended Dec. 7, 2011. Both Section 1391 and Section 1400 are part of Chapter 87 of Title 28. In light of the new language, the Federal Circuit held that the Section 1391 definition of corporate residence would apply to Section 1400. VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1584 (Fed. Cir. 1990). The Federal Circuit's ruling was widely adopted over the next twenty plus years and the issue appeared to be settled. Last May, approximately one month after Defendant Rethceif filed its answer, the U.S. Supreme Court reversed VE Holding, stating "the amendments to §1391 did not modify the meaning of §1400(b) as interpreted by Fourco. We therefore hold that a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514, 1517 (2017). Defendant Rethceif promptly filed the present motion to amend soon after TC Heartland was issued. Defendant Rethceif is an Indiana limited liability

4

corporation. Doc. 1, 1:23-25. It does not reside in California within the meaning of Section 1400.

Since that time, there has been disagreement in the district courts across the country over whether the intervening law exception applied. The Ninth Circuit has not yet issued an opinion on this matter. Initially, the majority of district courts found that the intervening law exception did not apply. See McRo, Inc. v. Valve Corp., 2017 U.S. Dist. LEXIS 122715, *8 (C.D. Cal. July 24, 2017); Fox Factory, Inc. v. SRAM, LLC, 2017 U.S. Dist. LEXIS 126799, *11 (N.D. Cal. July 18, 2017); Reebok Int'l, Ltd. v. TRB Acquisitions LLC, 2017 U.S. Dist. LEXIS 109576, *11 (D. Or. July 14, 2017); Infogation Corp. v. HTC Corp., 2017 U.S. Dist. LEXIS 103645, at *9 (S.D. Cal. July 5, 2017); contra Westech Aerosol Corp. v. 3M Co., 2017 U.S. Dist. LEXIS 95768, *4 (W.D. Wash. June 21, 2017). However, more recent decisions from district courts within the ambit of the Ninth Circuit have strongly trended in the opposite direction, affirmatively finding that the intervening law exception does apply. See Rillito River Solar Ltd. Liab. Co. v. Wencon Dev., Inc., 2017 U.S. Dist. LEXIS 192207, *9 (D. Ariz. Nov. 20, 2017); CAO Lighting, Inc. v. Light Efficient Design, 2017 U.S. Dist. LEXIS 170052, *15 (D. Idaho Oct. 11, 2017); Nautilus, Inc. v. Icon Health & Fitness, Inc., 2017 U.S. Dist. LEXIS 148431, *4 (W.D. Wash. Sep. 13, 2017); Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc., 265 F. Supp. 3d 1196, 1208 (D. Or. Sept. 5, 2017); CG Tech. Dev., LLC v. Fanduel, Inc., 2017 U.S. Dist. LEXIS 119193, *10 (D. Nev. July 27, 2017); OptoLum, Inc. v. Cree, Inc., 2017 U.S. Dist. LEXIS 114717, *10 (D. Ariz. July 24, 2017).

Of the circuit courts, only the Federal Circuit has ruled on this issue. In a number of unpublished opinions issued in the summer, the Federal Circuit denied mandamus in several cases where the appellant was challenging the district court's denial of their venue objections; the Federal Circuit made its decisions without ruling on the issue directly, explaining "Without necessarily agreeing with the district court's conclusion that the Supreme Court's decision in TC Heartland did not effect a change in the law, we nonetheless find that the district court did not clearly abuse its discretion." In re Hughes Network Sys., LLC, 2017 U.S. App. LEXIS 13674, *3-4 (Fed. Cir. July 24, 2017); see also In re Nintendo of Am., Inc., 2017 U.S. App. LEXIS 14835, *3 (Fed. Cir. July 26, 2017); In re Techtronic Indus. N. Am., Inc., 2017 U.S. App. LEXIS 16324, *3

(Fed. Cir. July 25, 2017); In re Sea Ray Boats, Inc., 695 F. App'x 543, 544 (Fed. Cir. June 9, 2017). In November, the Federal Circuit issued a full, published decision that definitively stated the relevant objection to venue "was not available for the district court to adopt before the Court decided TC Heartland, because controlling precedent precluded adoption of the position. For that reason, the objection was not 'available' under Rule 12(g)(2) when Micron made its motion to dismiss in 2016. Accordingly, contrary to the district court's conclusion, Rule 12(h)(1)(A)'s waiver rule is inapplicable here." In re Micron Tech., Inc., 875 F.3d 1091, 1099-100 (Fed. Cir. Nov. 15, 2017). At least one district court has granted reconsideration of an earlier denial of venue challenge on the basis that "In re Micron Tech, Inc. resolved a split of authority among district courts and conclusively established that the venue objection was not available until the Supreme Court decided TC Heartland." Fox Factory, Inc. v. SRAM, LLC, 2018 U.S. Dist. LEXIS 3281, at *5 (N.D. Cal. Jan. 8, 2018), citations omitted.

Given this backdrop, the recent opinions of the Federal Circuit and the sister district courts are persuasive. Before TC Heartland, the settled state of the law was such that the objection to venue was not available. The new ruling constitutes new law that overrode strong existing precedent such that the intervening law exception should apply.

**B. Waiver Through Litigation**

Defendant Rethceif has filed a counterclaim in this case. Doc. 21. The Ninth Circuit has stated that "filing a counterclaim or a third-party complaint does not waive the defense of improper venue." Hillis v. Heineman, 626 F.3d 1014, 1016 (9th Cir. 2010). "[I]mproper venue may be challenged in a post-answer motion to dismiss as long as the objection was preserved in the answer." Rillito River Solar Ltd. Liab. Co. v. Wencon Dev., Inc., 2017 U.S. Dist. LEXIS 192207, at *10 (D. Ariz. Nov. 20, 2017), quoting Jaliwa v. Concerned Citizens of S. Cent. L.A., 2007 U.S. Dist. LEXIS 50177, *6 (S.D. Cal. July 10, 2007); see also Wordtech Sys. v. Integrated Network Sols., Corp., 2014 U.S. Dist. LEXIS 89664, *9 (E.D. Cal. June 30, 2014) (defendants "initially preserved their venue objections by moving to dismiss the initial complaint, and then asserting in their answer to the First Amended Complaint that venue was improper"). However,

1  active prosecution of a counterclaim coupled with failure to seek dismissal or transfer can work to
2  constitute waiver. Cf. Tinnus Enters., LLC v. Telebrands Corp., 2017 U.S. Dist. LEXIS 172712,
3  *18-19 (E.D. Tex. Aug. 1, 2017) (finding in dicta that a grounds for denying the motion to dismiss
4  for improper venue was the fact that defendant was actively making motions on its counterclaims:
5  "Where counter-claims are made without the timely presentation of a motion to dismiss contesting
6  venue, it shows Bulbhead's desire to participate in this action substantively while decreasing the
7  urgency of its motion to dismiss"); Cont'l Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir.
8  1993) (formally objecting to personal jurisdiction while litigating a case on the merits without
9  actively contesting the issue does not comply with the spirit of the rule); but see Rogen v. Memry
10 Corp., 886 F. Supp. 393, 396 (S.D.N.Y. 1995) (participation in discovery does not constitute
11 waiver and the question of venue was properly ruled upon in a summary judgment). In general,
12 the question of venue should be definitively resolved before turning to the merits of the claims and
13 counterclaims. See Wyrough & Loser, Inc. v. Pelmor Labs., Inc., 376 F.2d 543, 547 (3rd Cir.
14 1967) ("personal jurisdiction and venue should be raised and disposed of before the court
15 considers the merits or quasi-merits of a controversy").

Defendant LP Brown objected to venue in its answer and counterclaim. Doc. 14. Defendants LP Brown and Rethceif have recently filed a joint motion on the pleadings, asking this court to make a substantive ruling on their counterclaims. Doc. 65. No order on that motion has yet been issued. At this point, waiver through litigation does not need to be addressed.

## C. Regular and Established Place of Business

Plaintiffs argue that even if the waiver is withdrawn, any attempt to amend the answer would be futile because venue is proper in the Eastern District of California under the other prong of Section 1400 which allows for suit "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Defendant Rethceif acknowledges that it sold the product that is alleged to have infringed upon Plaintiffs' patents in this area but denies the assertion that it has a regular and established place of business. Doc. 44, 4:16-18. In its answer, Defendant Rethceif did state "Defendant admits that it offers products for

sale in this District and that it has transacted business in this District." Doc. 11, 3:7-9.  According to Plaintiffs, these admissions are sufficient for determining that Defendant Rethceif has a "regular and established place of business" within the Eastern District. Doc. 40, 6:3-18.  Plaintiffs point out that a formal office is not required to meet this standard. See CPG Prods. Corp. v. Mego Corp., 1980 U.S. Dist. LEXIS 17061, *6-8 (S.D. Ohio Aug. 21, 1980) ("defendant is regularly engaged in carrying on a substantial part of its ordinary business on a permanent basis in a physical location within the district over which it exercises some measure of control").

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988), citations omitted.  While the cited admissions might be consistent with Defendant Rethceif having a regular and established place of business in the Eastern District, they are also consistent with not having such a presence here.  That possibility has not been negated.  Amendment is not futile as there might be facts that can support a venue challenge.  A full determination should be made in a motion to dismiss or to transfer.

## IV. Order

Defendant Rethceif's Motion For Leave To File Amended Answer And Counterclaims is GRANTED.  Defendant Rethceif may file its proposed amended answer and counterclaim.

Defendant Rethceif's Motion to Strike Plaintiffs' Notices Of Supplemental Authority is DENIED.

IT IS SO ORDERED.

Dated: February 9, 2018

_____
SENIOR DISTRICT JUDGE