# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **H.W.J. DESIGNS FOR AGRIBUSINESS, INC. AND SAMUEL STRAPPING SYSTEMS, INC.,**<br><br>Plaintiffs<br><br>v.<br><br>**RETHCEIF ENTERPRISES, LLC A/K/A RETHCEIF PACKAGING, AND L.P. BROWN COMPANY, INC. D/B/A INTERNATIONAL FIBER PACKAGING,**<br>Defendants | CASE NO. 1:17-CV-0272 AWI SKO<br><br>**ORDER RE: MOTION ON THE PLEADINGS**<br><br>(Doc. 65) |

## I. Background

Plaintiff HWJ Designs for Agribusiness, Inc. ("HWJ") owns two patents relating to machinery that processes cotton into bales, U.S. Patent No. 8,336,404 ("404 Patent") and U.S. Patent No. 9,463,885 ("885 Patent"). HWJ exclusively licensed the 404 and 885 Patents to Plaintiff Samuel Strapping Systems, Inc. ("Samuel"). HWJ and Samuel (collectively "Plaintiffs") assert that defendants Rethceif Enterprises, LLC ("Rethceif") and LP Brown Company, Inc. ("LP") (collectively "Defendants") have manufactured and distributed cotton bale wrapping machines that infringe upon the 404 and 885 Patents. Some of those machines have been sold in the Eastern District of California. Plaintiffs sued Defendants for patent infringement in Fresno; count one of Plaintiffs' complaint alleges infringement of the 404 Patent and count two alleges infringement of the 885 Patent. Doc. 1.

Defendants have filed separate answers and counterclaims asserting that the 404 and 885 Patents are invalid. Docs. 20 and 21. Defendants have filed a joint motion on the pleadings,

asking the court to find the 885 Patent and therefore dismissing with prejudice count two of Plaintiff's complaint. Doc. 65-1, 13:4-12. Based on the following analysis, Defendants' motion is denied.

## II. Legal Standard

"In a patent case, a district court is bound by decisions of the United States Court of Appeals for the Federal Circuit for the determination of all issues except those that are 'entirely procedural' and not unique to patent law; with respect to such procedural matters, the Federal Circuit applies the law of the circuit court where appeals from the district court would normally lie." Saes Getters S.P.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1084-85 (S.D. Cal. 2002), citing Atasi Corp. v. Seagate Tech., 847 F.2d 826, 829 (Fed. Cir. 1988). Motions for judgment on the pleadings qualifies a one such procedural matter. See RecogniCorp, LLC v. Nintendo Co., 855 F.3d 1322, 1325 (Fed. Cir. 2017). Therefore, the Ninth Circuit standards apply.

Under Federal Rule of Civil Procedure 12(c), after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. Rule Civ. Proc. 12(c). Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Judgment on the pleadings is appropriate when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law. Ventress v. Japan Airlines, 486 F.3d 1111, 1114 (9th Cir. 2007). The allegations of the nonmoving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false. See MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. See Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353, 360 (9th Cir. 2005). However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment. Hal Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550

(9th Cir. 1989). A court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. Dichter-Mad Family Partners. LLP v. United States, 709 F.3d 749, 761 (9th Cir. 2013).

## III. Discussion

**A. Defendants' Main Argument**

This motion only relates to the 885 Patent. Before the 885 Patent, HWC filed U.S. Application Number 61/023,812 ("812 Provisional") on January 25, 2008. As part of that filing was a picture of showing what is termed a bag sampling device. Doc. 20-2, page 27.[1] HWC filed U.S. Application Number 13/842,908 ("908 Application") for what ultimately turned into the 885 Patent on March 15, 2013. Th 908 Application was itself a continuation of earlier U.S. Application Number 12/397,138 filed on March 3, 2009. This application referred to the 812 Provisional and stated "the contents of which are expressly incorporated herein by reference for all purposes. The mechanism for grabbing the cut sample(s), as taught in the '812 application, may be placed at a location in the bagging assembly so that the cut samples are grabbed prior to the stuffing assembly 120 pushing and stuffing the strapped bale into a bag for bagging." Doc. 20-1, page 213. On July 12, 2016, the United States Patent and Trademark Office ("Patent Office") then issued a Notice of Allowance, signaling its intent to issue the patent. Doc. 20-1, page 56. In that Notice of Allowance, the Patent Office informed HWC that the illustration of the bag sampling device was inadequate and had to be corrected:

> The drawings are objected to under 37 CFR l.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the 'bag sampling device' must be shown or the feature(s) canceled from the claim(s). ***No new matter should be entered***.
>
> Corrected drawing sheets in compliance with 37 CFR l.12l(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. The

---

[1] The parties have filed several documents to provide evidence in support of their briefing on this motion. The court is only relying on the Plaintiffs' complaint, Defendants' answers and counterclaims, and documents attached to those filings. Thus, there is no need to convert this motion into a summary judgment.

3

figure or figure number of an amended drawing should not be labeled as 'amended.' If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either 'Replacement Sheet' or 'New Sheet' pursuant to 37 CFR l.12l(d). If the changes are not accepted by the examiner, the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

Doc. 20-1, page 62, emphasis added. HWC filed an amendment which included the picture of the bag sampling device, stating "Applicant is including new FIG. 20, which is FIG. 1 from Provisional Application No. 61/023,812, which was incorporated by reference in the present application in originally filed paragraph [0035]. Applicant further amended the specification as noted above to provide context for newly added FIG. 20. Applicant submits that no new matter has been added by the present Amendment." Doc. 20-1, page 44. The 885 Patent was approved by the Patent Office and issued on October 11, 2016. Doc. 1, 10:19-22.

Defendants assert that this process violated patent law such that the 885 Patent must be deemed invalid. By statute, a patent application must include a specification that "shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention." 35 U.S.C. §§ 111(a)(2)(A) and 112(a). Regulations then further explain that the specification may reference other material but

> (c) 'Essential material' may be incorporated by reference, ***but only by way of an incorporation by reference to a U.S. patent or U.S. patent application publication***, which patent or patent application publication does not itself incorporate such essential material by reference. 'Essential material' is material that is necessary to:
>
> (1) Provide a written description of the claimed invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and set forth the best mode contemplated by the inventor of carrying out the invention as required by the first paragraph of 35 U.S.C. 112;

4

(2) Describe the claimed invention in terms that particularly point out and distinctly claim the invention as required by the second paragraph of 35 U.S.C. 112; or

(3) Describe the structure, material, or acts that correspond to a claimed means or step for performing a specified function as required by the sixth paragraph of 35 U.S.C. 112.

37 C.F.R. § 1.57(c) (2009)[2], emphasis added. Defendants argue that the bag sampling device constitutes essential material. Doc. 65-1, 11:4-6. "Provisional patent applications...are unpublished." <u>Nomadix, Inc. v. Second Rule LLC</u>, 2009 U.S. Dist. LEXIS 138174, *74 (C.D. Cal. Jan. 16, 2009). Significantly, the applicable regulation permits the correction of mistakes: "An incorporation of material by reference that does not comply with paragraphs (b), (c), or (d) of this section is not effective to incorporate such material unless corrected within any time period set by the Office..." 37 C.F.R. § 1.57(g) (2009). Defendants assert that that provision is inapplicable "when the original incorporation by reference was legally inoperative." Doc. 73, 7:7-11. Thus, Defendants assert the initial 908 Application violated Section 112 as HWC's specification failed to include information about an essential material.

Regarding the Notice of Allowance, Defendants point out statutory language which states "Whenever, on examination, any claim for a patent is rejected, or any objection or requirement made, the Director shall notify the applicant thereof, stating the reasons for such rejection, or objection or requirement, together with such information and references as may be useful in judging of the propriety of continuing the prosecution of his application; and if after receiving such notice, the applicant persists in his claim for a patent, with or without amendment, the application shall be reexamined. ***No amendment shall introduce new matter into the disclosure of the invention***." 35 U.S.C. § 132(a), emphasis added. The Notice of Allowance did specify that no new matter could be introduced at that stage of the application. Defendant's theory is that since the initial incorporation of the 812 Application material was ineffective, any attempt to include it would necessarily be an introduction of new matter in violation of Section 132. Doc. 65-1, 10:27-11:3.

---

[2] Due to the history of filing and relation back of applications, the applicable regulations are the version in place as of March 3, 2009. Since that time 37 C.F.R. § 1.57 has been amended to reorder the subsections without making any substantive changes to the language relevant to this motion. The court follows the parties' convention of citing to the 2009 version of that regulation.

## B. Invalidity

Taken altogether, Defendants have not shown how these alleged defects require the invalidation of the 885 Patent. In general, "A patent shall be presumed valid." 35 U.S.C. § 282(a). Defenses to a claim of infringement include:

> (2) Invalidity of the patent or any claim in suit on any ground specified in part II [35 U.S.C. §§ 100-212] as a condition for patentability.
>
> (3) Invalidity of the patent or any claim in suit for failure to comply with –
>     (A) any requirement of section 112...

35 U.S.C. § 282(b). The two statutes Defendants cite to that form the core of their argument are included in this language. Defendants have not pointed to any legal authority that makes a violation of an applicable C.F.R. a basis for invalidating a patent independent of Section 282.

### 1. Section 132

Defendants assert that the addition of new matter in the amendment to the 908 Application violated Section 132. Older case law provides support that a violation of Section 132's new matter prohibition is itself grounds for invalidating a patent: "Section 132 is procedural not substantive. [Defendants] say a failure to comply with such a 'procedural' aspect of the patent laws does not affect the substantive validity of the Patents. But defendants cite no support for that proposition. And other courts have (not surprisingly) held patents invalid for violating Section 132's new-matter prohibition." O'Hara Mfg. v. Eli Lilly & Co.,1986 U.S. Dist. LEXIS 22546, *8 (N.D. Ill. July 18, 1986), citing All States Plastic Mfg. Co. v. Weckesser Co., 362 F. Supp. 94, 100 (N.D. Ill. 1973) and Whiteway Manufacturing Co. v. Oscar Phillips Co., 261 F.Supp. 841 (S.D. Ohio 1966). But, newer case law appears to have stepped away from that line of reasoning: "the presumption of validity is not subject to being diluted by 'procedural lapses' during prosecution....After a patent has issued, validity is determined objectively based on prior art and the other requirements of patentability." Norian Corp. v. Stryker Corp., 363 F.3d 1321, 1329 (Fed. Cir. 2004). Potential patent invalidity based on Section 132 is covered by Section 282(2). The Federal Circuit has determined that "Section 282(2), by virtue of its applicability to 'condition[s]

for patentability,' relates only to defenses of invalidity for lack of utility and eligibility, novelty, and nonobviousness." Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech., 543 F.3d 657, 662 (Fed. Cir. 2008). More specifically, "Procedural lapses during examination, should they occur, do not provide grounds of invalidity. Absent proof of inequitable conduct, the examiner's or the applicant's absolute compliance with the internal rules of patent examination becomes irrelevant after the patent has issued." Magnivision Inc. v. Bonneau Co., 115 F.3d 956, 960 (Fed. Cir. 1997). The Federal Circuit explains that "There is good reason not to permit procedural irregularities during prosecution, such as the one at issue here, to provide a basis for invalidity. Once a patent has issued, the procedural minutiae of prosecution have little relevance to the metes and bounds of the patentee's right to exclude. If any prosecution irregularity or procedural lapse, however minor, became grist for a later assertion of invalidity, accused infringers would inundate the courts with arguments relating to every minor transgression they could comb from the file wrapper. This deluge would only detract focus from the important legal issues to be resolved--primarily, infringement and invalidity." Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech., 543 F.3d 657, 663 (Fed. Cir. 2008) (discussing the procedure for revival of abandoned patent application). Defendants' objections with respect to Section 132 are procedural objections. There is nothing to suggest that the alleged violation of Section 132 went to the 885 Patent's utility, eligibility, novelty, or nonobviousness. Any claim of inequitable conduct is not suitable for resolution on a motion on the pleadings basis.

**2. Section 112**

Defendants make the argument that Section 112 has been violated because the amendment to the 908 Application should not be considered. Several cases have analyzed the situation as a violation of Section 112 rather than that of Section 132. "Under 35 U.S.C. § 132, '[n]o amendment shall introduce new matter into the disclosure of the invention.' Where an amendment adds new matter upon reexamination, the USPTO Examiner must reject the claim on the ground that the claim recites elements without support in the original disclosure under § 112(a)." STX, LLC v. Epoch Lacrosse, LLC, 2015 U.S. Dist. LEXIS 166690, *16 (D. Md. Dec. 14, 2015), citing

Walkdemer Link, GmbH & Co. v. Osteonics Corp., 32 F.3d 556, 559 (Fed. Cir. 1994). Section 282(a)(3)(A) does state that a violation of Section 112 will result in the invalidity of an issued patent.

Defendants argue that the HWC did not follow the applicable patent regulations, causing a Section 112 violation. This is significant because, as formulated by Defendants, HWC has only violated Section 112 if the amendment to the 908 Application is deemed ineffective. "[T]he function of section 112 in ensuring complete public disclosure is only violated if the disclosure is not complete at the time it is made public, i.e., at the issue date." In re Hawkins, 486 F.2d 569, 574 (C.C.P.A. 1973); Feldman v. Aunstrup, 517 F.2d 1351, 1355 (C.C.P.A. 1975); Nomadix, Inc. v. Second Rule LLC, 2009 U.S. Dist. LEXIS 138174, *62 (C.D. Cal. Jan. 16, 2009); TQ Delta, LLC v. 2Wire, Inc., 2018 U.S. Dist. LEXIS 110546, *14 (D. Del. July 3, 2018). An incomplete disclosure in the initial application that is then properly fixed by an amendment does not violate Section 112.

Defendants acknowledge that the applicable regulations allow for correction of ineffective incorporation by reference but argue that HWC could not avail itself of that option in this case. Defendants state that "Once the bale sampling device was added to the claims by amendment (making support for that language essential), no mechanism in 37 C.F.R. § 1.57, nor any other Patent Office statute or regulation, at any time could have fixed the Plaintiffs' inability to incorporate by reference essential material from the '812 Provisional." Doc. 73, 7:3-6. That assertion is not supported by convincing legal authority. The regulations on incorporating essential material is stated as "'Essential material' may be incorporated by reference, but only by way of an incorporation by reference to a U.S. patent or U.S. patent application publication, which patent or patent application publication does not itself incorporate such essential material by reference." 37 C.F.R. § 1.57(c) (2009). That regulation specifically allows for correction of incorporation mistakes to Section 1.57(c): "An incorporation of material by reference that does not comply with paragraphs (b), (c), or (d) of this section is not effective to incorporate such material unless corrected within any time period set by the Office, but in no case later than the close of prosecution as defined by § 1.114(b), or abandonment of the application, whichever occurs

earlier." 37 C.F.R. § 1.57(g) (2009).[3]  HWC amended the 908 Application to remove the reference to the 812 Provisional and instead put in the drawing of the bale sampling device directly. Dealing with an older version of incorporation by reference rules, the U.S. Court of Customs and Patent Appeals stated in a directly analogous situation: "'Essential material' may not be incorporated by reference to (1) patents issued by foreign countries, to (2) nonpatent publications, or to (3) a patent or application which itself incorporates 'essential material' by reference. In such a case, as well as any other case which is not entitled to incorporate essential material by reference, the applicant will be required to amend the disclosure to include the material incorporated by reference. The amendment must be accompanied by an affidavit or declaration executed by the applicant, or his attorney or agent of record, stating that the amendatory material consists of the same material incorporated by reference in the referencing application." In re Hawkins, 486 F.2d 569, 574 (C.C.P.A. 1973).  HWC appears to have successfully complied with 37 C.F.R. § 1.57(g) (2009) in amending the 908 Application and the Patent Office accepted that filing as proper.  Defendants have not demonstrated a Section 112 violation.

Even assuming arguendo that the regulations on amendment procedure were not strictly followed, Defendants have not provided a sufficient basis for declaring the 885 Patent at this stage of litigation.  On the base question of whether the amendment constituted new matter, Plaintiffs

---

[3] There is a separate argument to be made that the time for resorting to 37 C.F.R. § 1.57(g) (2009) had passed with the issuance of the Notice of Allowance in the 908 Application, but that theory has not been argued by Defendants. See Doc. 73, 6:26 ("Timing is Irrelevant to Plaintiffs' Ineffective Incorporation by Reference").  Plaintiffs point out that the then operative Manual of Patent Examining Procedure, Eighth Edition, Revision 9, issued August 2012, describes the limitation on timing as follows: "An incorporation by reference that does not comply with 37 CFR 1.57(b), (c), or (d) is not effective to incorporate such material ***unless corrected within any time period set by the Office (should the noncompliant incorporation by reference be first noticed by the Office and applicant informed thereof)***, but in no case later than the close of prosecution as defined by 37 CFR 1.114(b) (should applicant be the first to notice the noncompliant incorporation by reference and the Office informed thereof), or abandonment of the application, whichever occurs earlier." MPEP § 608.01(p)(I)(A)(2) (2013), emphasis added.  The wording is awkward but suggests that HWC validly made the correction by following the directions of the Notice of Allowance. Further, the Patent Office's own execution of procedures should be accepted. See Racing Optics, Inc. v. Aevoe Corp., 195 F. Supp. 3d 1140, 1144 (D. Nev. 2016) (in a question of abandonment, court examine whether statutes were complied with but will not examine whether Patent Office rules of practice were followed).

9

argue that the additional material in the amendment was nonessential when the 908 Application was filed and thus the original incorporation by reference was valid. Doc. 72, 2:21-23. Plaintiffs again point to the Manual of Patent Examining Procedure which suggests that if the characterization of material changes from nonessential to essential, the applicant can file an amendment late in the process to comply with the incorporation rules. MPEP § 608.01(p)(I)(A)(2) (2013), Example 2. "The question whether new matter has been added to an application is a question of fact....Moreover, in the context of a validity challenge based on new matter, the fact that the United States Patent and Trademark Office...has allowed an amendment without objection 'is entitled to an especially weighty presumption of correctness' in a subsequent validity challenge based on the alleged introduction of new matter." Commonwealth Sci. & Indus. Research Organisation v. Buffalo Tech. (USA), Inc., 542 F.3d 1363, 1380 (Fed. Cir. 2008), quoting Brooktree Corp. v. Advanced Micro Devices, Inc., 977 F.2d 1555, 1574-75 (Fed. Cir. 1992). "Whether particular technological information is 'new matter' depends on the facts of the case: the nature of the disclosure, the state of the art, and the nature of the added matter." Brooktree Corp. v. Advanced Micro Devices, Inc., 977 F.2d 1555, 1574 (Fed. Cir. 1992). There is incomplete argumentation and factual record regarding the determination of whether/when the bag sampling device was/became essential. This is an issue that is better addressed at a later stage of litigation.

### IV. Order

Defendants' motion for judgment on the pleadings is DENIED.

IT IS SO ORDERED.

Dated:  September 26, 2018                    _____
                                               SENIOR DISTRICT JUDGE