1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **EASTERN DISTRICT OF CALIFORNIA**

7

8 **H.W.J. DESIGNS FOR AGRIBUSINESS, INC. AND SAMUEL STRAPPING SYSTEMS, INC.,**

9

10 **Plaintiffs**

11 **v.**

12 **RETHCEIF ENTERPRISES, LLC A/K/A RETHCEIF PACKAGING, AND L.P. BROWN COMPANY, INC. D/B/A INTERNATIONAL FIBER PACKAGING,**

13

14

15 **Defendants**

**CASE NO. 1:17-CV-0272 AWI SKO**

**ORDER RE: REQUEST TO FILE DOCUMENTS UNDER SEAL**

**(Doc. 143)**

16         Defendants have made a request to file certain documents that support a motion to dismiss

17 under seal. Doc. 143.  All documents filed with the court are presumptively public.  <u>San Jose</u>

18 <u>Mercury News, Inc. v. U.S. Dist. Court</u>, 187 F.3d 1096, 1103 (9th Cir. 1999).  This is because "the

19 courts of this country recognize a general right to inspect and copy public records and documents,

20 including judicial records and documents." <u>Ctr. for Auto Safety v. Chrysler Grp., LLC</u>, 809 F.3d

21 1092, 1096 (9th Cir. 2016), citations omitted.  Accordingly, a party seeking to seal a judicial

22 record bears the burden of overcoming the strong public access presumption. <u>Id</u>.

23         Two standards generally govern requests to seal documents: "compelling reasons" and

24 "good cause."

25         [J]udicial records attached to dispositive motions [are treated] differently from
records attached to non-dispositive motions.  Those who seek to maintain the

26         secrecy of documents attached to dispositive motions must meet the high threshold
of showing that "compelling reasons" support secrecy.  A "good cause" showing

27         under Rule 26(c) will suffice to keep sealed records attached to non-dispositive
motions.

28

<u>Kamakana v. City & Cty. of Honolulu</u>, 447 F.3d 1172, 1180 (9th Cir. 2006), citations omitted.

Defendants assert that the request to seal should be governed by the "good cause" standard of

Federal Rule of Civil Procedure 26(c).  However, the documents are being filed in support of a

motion to dismiss.  A request to seal records in relation to a motion to dismiss under Federal Rule

of Civil Procedure 12(b)(1) or 12(b)(6) is evaluated under the "compelling reasons" standard. See

<u>Schneider v. Sutter Amador Hosp.</u>, 621 F. App'x 480, 481 (9th Cir. 2015).

In this case, the parties proposed, and Magistrate Judge Sheila Oberto signed, a stipulated

protective order. Doc. 59.  In briefing, the main thrust of Defendants' argument is that the

materials are "marked 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' under the

protective order."  The relevant parts of the protective order states:

> 2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), such as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available.
>
> ….
>
> 2.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, such as current or future business or technical trade secrets and plans more sensitive or strategic than information designated CONFIDENTIAL as defined in Section 2.2, the disclosure of which is likely to significantly harm that party's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third party or to a court.

Doc. 59, 1:21-24 and 2:12-18.  The designations of "confidential" and "highly confidential"

appear to be explicitly tied to the "good cause" standard rather than the "compelling reasons"

standard.  Additionally, reference to a general protective order alone is insufficient to meet even

the "good cause" standard in a request to seal. See <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331

F.3d 1122, 1133 (9th Cir. 2003) ("a party seeking the protection of the court via a blanket

protective order typically does not make the 'good cause' showing required by Rule 26(c) with

respect to any particular document").

The request to file under seal is DENIED without prejudice.  The submitted documents are

not to be filed in the docket.  Any renewed request to file under seal should be more explicit in

how each document meets the "compelling reasons" standard and satisfy the requirements of Local Rule 141.

IT IS SO ORDERED.

Dated:   October 11, 2019

                                SENIOR  DISTRICT  JUDGE