# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **H.W.J. DESIGNS FOR AGRIBUSINESS, INC. AND SAMUEL STRAPPING SYSTEMS, INC.,**<br><br>Plaintiffs<br><br>v.<br><br>**RETHCEIF ENTERPRISES, LLC A/K/A RETHCEIF PACKAGING, AND L.P. BROWN COMPANY, INC. D/B/A INTERNATIONAL FIBER PACKAGING,**<br>Defendants | CASE NO. 1:17-CV-0272 AWI SKO<br><br>ORDER RE: REQUEST TO FILE DOCUMENTS UNDER SEAL<br><br>(Doc. 145) |

Defendants have made a second request to file certain documents that support a motion to dismiss under seal. Doc. 145. The opposing party was given e-mail notice of the request; no opposition has been received.

All documents filed with the court are presumptively public. San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999). A request to seal records in relation to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6) is evaluated under the "compelling reasons" standard. See Schneider v. Sutter Amador Hosp., 621 F. App'x 480, 481 (9th Cir. 2015). "[T]he party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for

its ruling, without relying on hypothesis or conjecture." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178–79 (9th Cir. 2006), citations and quotations omitted. "The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011); see also Nixon v. Warner Commc'ns, 435 U.S. 589, 598 (1978) (proper to seal "sources of business information that might harm a litigant's competitive standing"), citations omitted.

Defendants argue that their moving brief, two licensing agreements, and a letter contain trade secrets. Specifically, the licensing agreements contain information about royalty structures, payment terms, minimum purchase requirements, and commercial arrangements while the letter includes customer lists and information about competitive strategies. The memorandum brief discusses some of these details. Such kinds of information qualify as trade secrets that merit sealing under the compelling reasons standard. See Elec. Arts, Inc. v. United States Dist. Court, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing document which contained "pricing terms, royalty rates, and guaranteed minimum payment terms"); E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek, 2018 WL 4961606, *2 (E.D. Cal. Oct. 12, 2018) (sealing document which contained customer lists).

Accordingly, IT IS HEREBY ORDERED that Defendants' second request to seal documents is GRANTED. The following documents may be filed under seal:

- Memorandum in Support of Motion to Dismiss Plaintiff Samuel Son & Co. (USA) Inc. for Lack of Standing ("Memorandum");
- Exhibit A, which is a copy of the "Supply and License Agreement" executed by Plaintiffs HWJ Designs for Agribusiness, Inc. ("HWJ") and Samuel Son & Co. (USA) Inc. ("Samuel") on April 28, 2009;
- Exhibit B, which is a copy of the "Addendum to Supply and License Agreement Dated April 28, 2009" executed by HWJ and Samuel on January 24, 2017; and
- Exhibit C, a copy of the July 10, 2019 letter from Jaimin H. Shah, attorney for

Rethceif, to Michael R. Houston, attorney for Plaintiffs.

IT IS SO ORDERED.

Dated:   October 24, 2019

_____
SENIOR  DISTRICT  JUDGE

3