# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.W.J. DESIGNS FOR AGRIBUSINESS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RETHCEIF ENTERPRISES, LLC, et al.,<br><br>Defendants. | Case No. 1:17-cv-00272-AWI-SKO<br><br>**ORDER GRANTING PLAINTIFFS' REQUEST TO SEAL DOCUMENTS IN ACCORDANCE WITH LOCAL RULE 141**<br><br>**(Doc. 174)** |

On December 27, 2019, Plaintiffs submitted a request to seal (the "Request to Seal") (1) Plaintiff's Opposition to Defendants' Motion for Extension of Deadlines Pending Issuance of Claim Construction Order (the "Opposition") and (2) Exhibits A-D to the Declaration of Kadmiel E. Perez in Support of Plaintiffs' Opposition to Defendants' Motion for Extension of Deadlines Pending Issuance of Claim Construction Order ("Exhibits A-D"). (*See* Doc. 174 at 2.) Plaintiffs do not request to file under seal the declaration or the remaining exhibits to the declaration. Plaintiffs' Request to Seal states that Exhibits A-D consist of excerpts from deposition transcripts, which contain trade secret information that is designated "Highly Confidential—Attorney's Eyes Only" under the protective order entered in this case, and that the Opposition repeatedly references the information. (*Id.*; *see* Doc. 59.) Plaintiffs submitted to the Court and to Defendants the Request to Seal, the Opposition, declaration, and exhibits, and a proposed order.

Pursuant to Local Rule 141(b), a request to seal a document "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." L.R. 141(b). "Only if good cause exists may the Court seal the information from public view after balancing 'the needs for discovery against the need for confidentiality.'" *Koloff v. Metro. Life Ins. Co.*, No.

113CV02060AWIJLT, 2014 WL 12573330, at *1 (E.D. Cal. July 9, 2014) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. Cal. 2010)). A party may submit an opposition to a request to seal documents within three days of the date of service of the request. L.R. 141(c).

Defendants have not submitted an opposition to Plaintiffs' Request to Seal, and the time to do so has expired. *See id*. Plaintiffs' Request to Seal is therefore deemed unopposed. Plaintiffs have complied with Local Rule 141, and in view of the documents' references to trade secret information, the Court finds that good cause exists to allow Plaintiffs to file under seal the Opposition and Exhibits A-D.

Accordingly, the Court GRANTS Plaintiffs' unopposed Request to Seal (Doc. 174), and ORDERS that Plaintiffs' Opposition to Defendants' Motion for Extension of Deadlines Pending Issuance of Claim Construction Order and Exhibits A-D to the Declaration of Kadmiel E. Perez in Support of Plaintiffs' Opposition to Defendants' Motion for Extension of Deadlines Pending Issuance of Claim Construction Order be FILED UNDER SEAL in accordance with Local Rule 141(e)(2). The documents shall remain under seal for the duration of the litigation or until further order of the Court.

To the extent Plaintiffs intend for the Court to consider the contents of the declaration and the remaining exhibits to the declaration in ruling on Defendants' Motion for Extension of Deadlines Pending Issuance of Claim Construction Order, Plaintiffs may file the declaration and the remaining exhibits to the declaration on the public docket **by no later than January 3, 2020**.

IT IS SO ORDERED.

Dated: **December 31, 2019**          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE