# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.W.J. DESIGNS FOR AGRIBUSINESS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> RETHCEIF ENTERPRISES, LLC, et al., <br><br> Defendants. | Case No. 1:17-cv-00272-AWI-SKO <br><br> **ORDER GRANTING IN PART DEFENDANTS' MOTION FOR EXTENSION OF DEADLINES PENDING ISSUANCE OF CLAIM CONSTRUCTION ORDER** <br><br> **(Doc. 171)** |

### I. BACKGROUND

Plaintiffs filed this patent infringement case against Defendants on February 24, 2017. (Doc. 1.) The Court entered a scheduling order on November 30, 2018, setting the claim construction hearing for April 8, 2019, the non-expert discovery deadline for October 31, 2019, the expert discovery deadline for April 5, 2020, the dispositive motions filing deadline for April 17, 2020, and a trial date of September 15, 2020. (Doc. 99 at 1–2.)

The Court held a claim construction hearing on April 9, 2019, and May 7, 2019. (*See* Docs. 127, 132.) The parties then jointly requested an extension of certain scheduling order deadlines, (Doc. 146), which the Court granted. (Doc. 147.) The parties jointly requested to further continue the expert disclosures deadline and the non-expert discovery deadline, which the Court again granted, extending, in relevant part, the expert disclosures deadline to January 27, 2020. (*See* Docs. 163, 164, 167, 168.)

1

On December 18, 2019, Defendants filed a "Motion for Extension of Deadlines Pending Issuance of Claim Construction Order," (Doc. 171), which Plaintiffs opposed, (Docs. 176, 177, 178).[1] For the reasons stated below, Defendants' motion is granted in part.

## II. DISCUSSION

Requests to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order "only for good cause." Rule 16(b)'s good cause inquiry focuses primarily on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000). A trial court may also consider prejudice to any opposing party in ruling on a motion to modify the scheduling order.

Defendants request that the Court extend the January 27, 2020 expert disclosures deadline to 60 days after the Court's claim construction ruling and extend the remaining deadlines accordingly. (*See* Doc. 171 at 2.) Plaintiffs oppose any extension of the existing schedule. (*See* Docs. 177, 178.)

The Court finds good cause for an extension of the expert disclosures deadline tied to the Court's claim construction ruling. *See, e.g., Parker-Hannifin Corporation v. Wix Filtration Corporation*, No. 1:07 CV 1374, 2009 WL 10689387, at *1 (N.D. Ohio Feb. 4, 2009). *Cf. Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 2:13-CV-04160-NKL, 2014 WL 2511308, at *4 (W.D. Mo. June 4, 2014). Delaying expert discovery until after the Court construes the claims will conserve resources by necessitating expert discovery on only one claim construction, as opposed to discovery related to each of the parties' proposed constructions. The requested extension will also prevent the need to reopen expert discovery if the Court construes the claims differently than any party proposed, which will prevent the need to later extend the summary judgment-related deadlines. *See, e.g., Digital-Vending Servs. Int'l, LLC v. Univ. of Phoenix Inc.*, No. 2:09-CV-555, 2010 WL 11450408, at *16 (E.D. Va. June 10, 2010); *see also B & H Mfg. Co., Inc. v. Sidel S.A.S.*, No. 2:07-cv-02208-MCE-EFB, 2009 WL 3762407, at *1 (E.D. Cal. Nov. 6, 2009).

---

[1] Plaintiffs filed their opposition brief and certain exhibits under seal, (Docs. 177, 178), pursuant to their request to seal, (Doc. 174), and the Court's order granting the request, (Doc. 175).

Thus, the Court finds good cause to modify the scheduling order and that Plaintiffs will not be unduly prejudiced by the modification, and that tying the expert disclosures deadline to the Court's claim construction ruling is appropriate in this case. *See* Federal Judicial Center, Patent Case Management Judicial Guide § 2.1.3.2.3.3, at 2-22 (2016) ("Expert reports on infringement, invalidity, and damages are central to almost every patent case. Technical experts opine . . . based on the meaning of the claim terms as determined by (or anticipated from) the court's claim-construction order. For this reason, claim construction should precede expert reports . . . Many courts, therefore, schedule expert discovery . . . to begin after claim construction.").

The Court will extend the expert disclosures deadline and modify the scheduling order[2] pending the issuance of a claim construction ruling, but not to the extent requested by Defendants. Instead, the Court will extend the expert disclosures deadline to 30 days after the Court's claim construction ruling, and vacate the remaining deadlines and hearings, to be re-set after entry of the Court's claim construction ruling.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED:

1. Defendants' Motion for Extension of Deadlines Pending Issuance of Claim Construction Order, (Doc. 171), is GRANTED IN PART;

2. The scheduling order dates are MODIFIED[3] as follows:

    a. The expert disclosures deadline is extended to 30 days after entry of the Court's claim construction ruling; and

    b. The rebuttal expert disclosures deadline, expert discovery deadline, non-dispositive motions and dispositive motions filing and hearing deadlines, settlement conference date, and pretrial conference and trial dates, are vacated, to be later re-set.

3. **The parties SHALL file, by no later than seven (7) days after entry of the**

---

[2] Nothing in this order shall be construed to stay the proceedings in this case, and the parties may, for example, file dispositive or non-dispositive motions deemed appropriate at any time.

[3] If the parties believe that a settlement conference would be productive at any time, they may request a new settlement conference date.

**Court's claim construction ruling, a joint status report (1) proposing dates for the remaining deadlines and hearings, including the settlement conference, pretrial conference and trial dates, and (2) advising the Court of the status of the case.**

IT IS SO ORDERED.

Dated: __**January 8, 2020**__                              /s/ *Sheila K. Oberto*                       
                                                         UNITED STATES MAGISTRATE JUDGE